## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| DLJ Mortgage Capital, Inc. | CIVIL ACTION NO: |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**652 Maxfield Road, Howland,[1] ME 04453** |
| **Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar** | **Mortgage:**<br>**November 4, 2005**<br>**Book 10183, Page 314**<br>**Penobscot County Registry of Deeds** |
| **Defendants** | |

NOW COMES the Plaintiff, DLJ Mortgage Capital, Inc., by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by DLJ

---

[1] The property is also listed as 652 Maxfield Road, LaGrange ME 04453 for mailing and emergency services purposes, but is located on a Plan of Land in the Town of Howland and the Town of Howland is referenced in the legal description set forth in the Deed and the Mortgage and for this reason Howland is referenced in this complaint.

Mortgage Capital, Inc., in which the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, are the obligor and the total amount owed under the terms of the Note is One Hundred Twelve Thousand Eight Hundred Seven and 02/100 ($112,807.02) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3.  Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4.  DLJ Mortgage Capital, Inc. is a Delaware Corporation with its principal place of business located at 11 Madison Avenue, 4th Floor, New York, NY 10010.

5.  The Defendant, Billie-Jo Boobar, is a resident of Surry, County of Hancock and State of Maine.

6.  The Defendant, Craig Boobar a/k/a Craig Alan Boobar, is a resident of Howland, County of Penobscot and State of Maine.

## FACTS

7.  On May 5, 1987, by virtue of a Warranty Deed from Shirley Boobar and Marie Boobar, which is recorded in the Penobscot County Registry of Deeds in **Book 4012, Page 115**, the property situated at 652 Maxfield Road, City/Town of Howland, County of Penobscot, and State of Maine, was conveyed to Craig Alan Boobar and Billie-Jo Boobar, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On November 4, 2005, Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, executed and delivered to Countrywide Home Loans, Inc a certain Note under seal in the amount of $73,788.00. Defendant, Billie-Jo Boobar's, personal liability is limited and/or extinguished by the Chapter 7 bankruptcy filed which resulted in a bankruptcy discharge. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on November 4, 2005, Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, executed a Mortgage Deed in favor of Countrywide Home Loans, Inc., securing the property located at 652 Maxfield Road, Howland, ME 04453 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 10183**, **Page 314**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to BAC Home Loans Servicing L.P. f/k/a Countrywide Home Loans Servicing L.P. by virtue of an Assignment of Mortgage dated June 18, 2009 and recorded in the Penobscot County Registry of Deeds in **Book 11823**, **Page 296**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On June 3, 2013, by virtue of a Quitclaim Deed from Billie-Jo Ann Boobar, which is recorded in the Penobscot County Registry of Deeds in **Book 13212, Page 132**, the property situated at 652 Maxfield Road, City/Town of Howland, County of Penobscot, and State of Maine, was conveyed to Craig Alan Boobar, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Countrywide Home Loans, Inc., by virtue of an Assignment of Mortgage dated May 18, 2017 and recorded in the Penobscot County

Registry of Deeds in **Book 14496**, **Page 20**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to Federal National Mortgage Association by virtue of a Corrective Assignment dated June 5, 2017 and recorded in the Penobscot County Registry of Deeds in **Book 14505**, **Page 110**. *See* Exhibit F (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

14. The Mortgage was then further to DLJ Mortgage Capital, Inc. by virtue of an Assignment of Mortgage dated January 11, 2022 and recorded in the Penobscot County Registry of Deeds in **Book 16354**, **Page 341**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On June 28, 2022, the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certified Mail Tracking Number (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

17. The Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, DLJ Mortgage Capital, Inc., is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, DLJ Mortgage Capital, Inc., is the lawful holder and owner of the Note and Mortgage.

20. The Plaintiff, DLJ Mortgage Capital, Inc., hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

21. The total debt owed under the Note and Mortgage as of March 25, 2023 is One Hundred Twelve Thousand Eight Hundred Seven and 02/100 ($112,807.02) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $92,794.13 |
| Interest | $9,193.62 |
| Total Advances | $1,434.92 |
| Escrow Advance | $9,384.35 |
| Grand Total | $112,807.02 |

22. Upon information and belief, the Defendant, Craig Boobar a/k/a Craig Alan Boobar, is (and Billie-Jo Boobar is not) presently in possession of the subject property originally secured by the Mortgage.

## COUNT 1 – FORECLOSURE AND SALE

(Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar)

23. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 652 Maxfield Road, Howland, County of Penobscot, and State of Maine. *See* Exhibit C.

25. The Plaintiff, DLJ Mortgage Capital, Inc., is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of

the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, DLJ Mortgage Capital, Inc., has the right to foreclosure and sale upon the subject property.

26. The Plaintiff, DLJ Mortgage Capital, Inc., is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, are presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2020, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of March 25, 2023 is One Hundred Twelve Thousand Eight Hundred Seven and 02/100 ($112,807.02) Dollars (however, any personal liability of Billie-Jo Boobar is affected/extinguished by her discharge in bankruptcy).

29. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy and, accordingly, this action does not seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property.

31. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, on June 28, 2022, evidenced by the Certified Mail Tracking Number. *See* Exhibit H.

32. The Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, are not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

(Craig Boobar a/k/a Craig Alan Boobar)

33. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On November 4, 2005, the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, executed under seal and delivered to Countrywide Home Loans, Inc a certain Note in the amount of $73,788.00. *See* Exhibit B.

35. The Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, are in default for failure to properly tender the June 1, 2020 payment and all subsequent payments, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action does not seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property. *See* Exhibit H.

36. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar.

37. The Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

38. The Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar's, breach is knowing, willful, and continuing.

39. The Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar's, breach has caused Plaintiff, DLJ Mortgage Capital, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of March 25, 2023, if no payments are made, is One Hundred Twelve Thousand Eight Hundred Seven and 02/100 ($112,807.02) Dollars.

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

### (Craig Boobar a/k/a Craig Alan Boobar)

42. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, entered into a written contract with Countrywide Home Loans, Inc who agreed to loan the amount of $73,788.00 to the Defendants. *See* Exhibit B.

44. As part of this contract and transaction, the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note and successor-in-interest to Countrywide Home Loans, Inc, and has performed its obligations under the Note and Mortgage.

46. The Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2020 payment and all subsequent payments, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action does not seek any personal liability on the part of Billie-Jo Boobar,

but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property. *See* Exhibit H.

47. The Plaintiff, DLJ Mortgage Capital, Inc., is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar.

48. The Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, having failed to comply with the terms of the Note and Mortgage, are in breach of contract, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property.

49. The Defendant, Craig Boobar a/k/a Craig Alan Boobar, is indebted to DLJ Mortgage Capital, Inc. in the sum of One Hundred Twelve Thousand Eight Hundred Seven and 02/100 ($112,807.02) Dollars, for money lent by the Plaintiff, DLJ Mortgage Capital, Inc., to the Defendants however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property.

50. Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar's, breach is knowing, willful, and continuing.

51. Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar's, breach has caused Plaintiff, DLJ Mortgage Capital, Inc., to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of March 25, 2023, if no payments are made, is One Hundred Twelve Thousand Eight Hundred Seven and 02/100 ($112,807.02) Dollars.

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV –UNJUST ENRICHMENT

(Craig Boobar a/k/a Craig Alan Boobar)

54. The Plaintiff, DLJ Mortgage Capital, Inc., repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Countrywide Home Loans, Inc, predecessor-in-interest to DLJ Mortgage Capital, Inc., loaned the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, $73,788.00. *See* Exhibit B.

56. The Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, have failed to repay the loan obligation, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action does not seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment on the property.

57. As a result, the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, have been unjustly enriched to the detriment of the Plaintiff, DLJ Mortgage Capital, Inc. as successor-in-interest to Countrywide Home Loans, Inc by having received the aforesaid benefits and money and not repaying said benefits and money, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action does not seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment on the property.

58. As such, the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, DLJ Mortgage Capital, Inc., prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, and accordingly, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

b) Grant possession to the Plaintiff, DLJ Mortgage Capital, Inc., upon the expiration of the period of redemption.

c) Find that the Defendants, Craig Boobar a/k/a Craig Alan Boobar and Billie-Jo Boobar, are in breach of the Note by failing to make payment due as of June 1, 2020, and all subsequent payments, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

d) Find that the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, are in breach of the Mortgage by failing to make payment due as of June 1, 2020, and all subsequent payments, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

e) Find that the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2020 and all subsequent payments, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

g) Find that it was the intent of the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, and the original lender, Countrywide Home Loans, Inc, on November 4, 2005 to create a mortgage on the property commonly known as and numbered as 652 Maxfield Road, Howland, ME 04453.

h) Find that the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to enforce the terms and conditions of the Note and Mortgage, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

i) Find that by virtue of the money retained by the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar have been unjustly enriched at the Plaintiff's expense, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

j) Find that such unjust enrichment entitles the Plaintiff, DLJ Mortgage Capital, Inc., to restitution, however, as affected by Defendant, Billie-Jo Boobar's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

k) Find that the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, are liable to the Plaintiff, DLJ Mortgage Capital, Inc., for money had and received, however, as affected by Defendant, Billie-Jo Boobar's discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

l) Find that the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, have appreciated and retained the benefit of the Mortgage and the subject property, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

m) Find that it would be inequitable for the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

n) Find that the Plaintiff, DLJ Mortgage Capital, Inc., is entitled to restitution for this benefit from the Defendants, Billie-Jo Boobar and Craig Boobar a/k/a Craig Alan Boobar, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan Boobar and *in rem* judgment against the property;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs, however, as affected by Defendant, Billie-Jo Boobar's, discharge in bankruptcy, this action <u>does not</u> seek any personal liability on the part

of Billie-Jo Boobar, but only seeks liability on the part of Craig Boobar a/k/a Craig Alan

Boobar and *in rem* judgment against the property;

p)   Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. § 6322;

q)   Additionally, find that while the Defendant, Billie-Jo Boobar has no personal liability in this

matter, a Judgment in this matter can be imposed *in rem* against the property commonly

known as and numbered as 652 Maxfield Road, Howland, ME 04453;

r)   For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
DLJ Mortgage Capital, Inc.,
By its attorneys,

Dated:  March 29, 2023

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com